UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELAINE REIDY and NEIL REIDY,

    Plaintiffs,

vs.                                           Case No. 8:09-cv-504-T-27MAP

DISSTON ARMS CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,
and LOIS GARATE,

    Defendants,
_____/

## ORDER

**BEFORE THE COURT** is Defendant Lois Garate's Motion to Dismiss Crossclaim by Disston Arms Condominium Association, Inc. for Indemnification (Dkt. 15)[1], to which Defendant Disston Arms Condominium Association, Inc. has responded in opposition. Upon consideration, the motion is GRANTED.

In this action, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiffs bring negligence and loss of consortium claims against Defendant Disston Arms Condominium, Inc. ("Disston") and Lois Garate, a Disston resident, based on Garate's alleged spilling of laundry detergent in a walkway, on which Plaintiff Elaine Reidy slipped and fell. (Dkt. 1). Plaintiff alleges that Disston was negligent in maintaining the common element in which Plaintiff was injured, and that Garate was negligent in failing to clean up the liquid or warn Plaintiff. (Dkt. 1, ¶¶ 5, 10). Disston, in turn, has brought a cross-claim against Garate for indemnification (Dkt. 11 at 4-5), which

---

[1] In future filings, counsel shall comply with the formatting requirements specified in Local Rule 1.05(a).

1

is the subject of the instant motion to dismiss.

Garate correctly argues that Disston has not alleged the requisite special relationship sufficient to support an indemnification theory. Indemnity "shifts the entire loss from one who, *although without active negligence or fault*, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability." *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (Fla. 1979) (emphasis added). Here, the Complaint clearly alleges that Disston is liable based on its own negligence and that Disston and Garate are joint tortfeasors. It is well-established that "there can be no indemnity between joint tortfeasors." *Id.*

A conclusory recitation of the elements of a claim is not sufficient, and Disston has failed to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Lois Garate's Motion to Dismiss Crossclaim by Disston Arms Condominium Association, Inc. for Indemnification (Dkt. 15) is **GRANTED**, and Disston's cross-claim for indemnification is **DISMISSED WITH PREJUDICE.**

**DONE AND ORDERED** in chambers this 15th day of June, 2009.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record